Filed 1/28/14

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARK ANTHONY WHITE,<br><br>    Defendant and Appellant. | D063369<br><br><br><br>(Super. Ct. No. ECR11231) |

APPEAL from a postjudgment order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Richard J. Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Michael Romano and Emily Galvin for the Stanford Three Strikes Project as Amicus Curiae on behalf of Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric Swenson, Michael Pulos and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

*Overview of the Three Strikes Reform Act of 2012*

On November 6, 2012, the voters approved Proposition 36, the Three Strikes

Reform Act of 2012 (Reform Act), which amended Penal Code[1] sections 667 and

1170.12 and added section 1170.126. (*People v. Yearwood* (2013) 213 Cal.App.4th 161,

167 (*Yearwood*).) Under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) as it

existed prior to Proposition 36, a defendant convicted of two prior serious or violent

felonies was subject as a third strike offender to a sentence of 25 years to life upon

conviction of *any* third felony. (*People v. Superior Court* (*Kaulick*) (2013) 215

Cal.App.4th 1279, 1285 (*Kaulick*).) Now, under the *prospective* provisions of the

Reform Act (set forth in §§ 667, 1170.12), a defendant convicted of two prior serious or

violent felonies is subject to the 25-year-to-life sentence only if the current third felony is

a *serious or violent* felony. (*Kaulick*, at pp. 1285-1286, 1292-1293.) Thus, if the third

felony is not a serious or violent felony and none of four enumerated disqualifying

exceptions or exclusions applies, the defendant will be sentenced as a second strike

offender. (*Id*. at pp. 1286, 1293.)

Of particular importance here, the *retrospective* part of the Reform Act provides a

means whereby, under three specified eligibility criteria and subject to certain

disqualifying exceptions or exclusions, a prisoner currently serving a sentence of 25 years

to life under the pre-Proposition 36 version of the Three Strikes law for a third felony

---

[1]     Undesignated statutory references will be to the Penal Code.

conviction that was not a serious or violent felony may be eligible for resentencing as if he or she only had one prior serious or violent felony conviction. (*Kaulick, supra,* 215 Cal.App.4th at pp. 1285, 1293; *Yearwood, supra,* 213 Cal.App.4th at p. 170, citing § 1170.126, subd. (e) (hereafter section 1170.126(e)).) However, even if the resentencing eligibility criteria are satisfied and none of the disqualifying exceptions or exclusions applies, the prisoner is *not* entitled to resentencing relief under the Reform Act as a second strike offender if the trial court, in its discretion, determines that such resentencing "would pose an unreasonable risk of danger to public safety." (*Kaulick,* at p. 1286; § 1170.126, subd. (f) (hereafter section 1170.126(f)).)

*Nature of this Case and Contentions on Appeal*

In this case, Mark Anthony White is an inmate serving a 25-year-to-life sentence as a third strike offender under the pre-Proposition 36 version of the Three Strikes law following his current conviction of possession of a firearm by a felon (§ 12021, subdivision (a), hereafter section 12021(a)).[2] For purposes of the Three Strikes law as amended by the Reform Act, this felony offense is not a violent felony within the meaning of section 667.5, subdivision (c), or a serious felony within the meaning of section 1192.7, subdivision (c).

---

[2] Effective January 1, 2012, former section 12021(a) was repealed and reenacted without substantive change as section 29800, subdivision (a). (See Cal. Law Revision Com. com. & Historical and Statutory Notes, 51D, pt. 4, West's Ann. Pen. Code (2012 ed.) foll. § 29800, p. 194.) All further references to section 12021(a) are to the former version.

White appeals an order denying a petition he filed under the Reform Act, in which he asked the trial court to recall his life sentence and resentence him as a second strike offender. In denying White's petition, the court found he was ineligible for resentencing relief because he was *armed* with a firearm during the commission of his current offense—*possession* of a firearm by a felon—within the meaning of the "armed with a firearm" exclusion set forth in sections 667, subdivision (e)(2)(C)(iii) (hereafter section 667(e)(2)(C)(iii)) and 1170.12, subdivision (c)(2)(C)(iii) (hereafter section 1170.12(c)(2)(C)(iii)), both of which are referenced in section 1170.126, subdivision (e)(2) (hereafter section 1170.126(e)(2)).

White contends the court erred in denying his petition because (1) no sentence was ever imposed on him for being armed with a firearm; (2) the Reform Act "does not exclude the stand-alone offense of firearm possession because one is not 'armed' with a firearm during the commission of possession of that firearm";[3] (3) rules of statutory construction "dictate" that possession of a firearm is not a disqualifying offense because the plain language and syntactic structure of the armed-with-a-firearm exclusion set forth in section 667(e)(2)(C)(iii) "does not include 'possession' and it requires that the arming be anchored or tethered to an offense which does not include possession"; (4) the court's "literal and expansive interpretation" of the armed-with-a-firearm exclusion is "contrary

---

[3]    White reiterates this contention in his appellant's reply brief, relying in part on *People v. Lewis* (2013) 216 Cal.App.4th 468 (review granted Aug. 14, 2013, S211494), which the Attorney General and amicus curiae the Stanford Law School Three Strikes Project also discuss in their briefs. The California Supreme Court granted review of that decision after the parties and amicus curiae submitted their briefs in the instant case, and, thus, we shall not further discuss it.

4

to the intent and purpose underlying [the Act]"; and (5) "[a]nother significant reason to interpret the statute in favor of [White] is that the trial court still has discretion to deny relief if it determines that resentencing [him] would 'pose an unreasonable risk of danger to public safety' under section 1170.126[(f)]."

The Stanford Law School Three Strikes Project filed an amicus curiae brief in support of White, asserting that (1) "'[p]ossession' of a firearm is a separate distinct offense from being 'armed" with a firearm and from 'using' a firearm, and a conviction for 'possession' of a firearm does not disqualify a petitioner from relief under Prop[osition] 36"; (2) "[a]ny offense or conduct that disqualifies a petitioner from relief under Prop[osition] 36 must be 'pled and proven' by the prosecution"; and (3) Proposition 36 "only excludes offenses where the petitioner's firearm was connected to a separate underlying offe[nse]."

*Issue and Holdings*

The principal issue we must decide is whether the armed-with-a-firearm exclusion applies to White so as to render him ineligible for resentencing relief under the Reform Act.

We conclude the exclusion applies and, thus, the court properly denied White's petition. In reaching this conclusion, we hold that, where, as here, the record establishes that a defendant convicted under the pre-Proposition 36 version of the Three Strikes law as a third strike offender of possession of a firearm by a felon was armed with the firearm during the commission of that offense, the armed-with-a-firearm exclusion applies and the defendant is not entitled to resentencing relief under the Reform Act. We also hold

that in such a case a trial court may deny section 1170.126 resentencing relief under the armed-with-a-firearm exclusion even if the accusatory pleading, under which the defendant was charged and convicted of possession of a firearm by a felon, did not allege he or she was armed with a firearm during the commission of that possession offense. Accordingly, we affirm the order denying White's petition for a recall of his sentence and for resentencing as a second strike offender under the Reform Act.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Factual Background*[4]

On March 29, 1995, El Cajon Police Department officers conducted a surveillance of White's residence. A search warrant had been issued. During the surveillance, officers saw White, who was a convicted felon, walking towards his pickup truck and carrying in his cupped left hand and under his arm a rolled-up cloth (later found to be a pair of sweatpants) with an object inside. Believing White might be armed, officers moved towards him and drew their guns. White began to run and reached inside the rolled-up sweatpants he was carrying. He then looked behind him, saw the officers coming

---

[4]    The following facts are derived from (1) the probation officer's report, which is included in the appellate record in this case; and (2) both the preliminary hearing transcript and the reporter's transcript of the trial testimony in this case, both of which are in the appellate record in White's first appeal (D025992) but are not included in the record provided in the current appeal. On December 5, 2013, this court notified the parties that (1) it had retrieved from storage the prior appellate records in White's first appeal and his petition for writ of habeas corpus (D055645); (2) on its own motion, this court took judicial notice of these records pursuant to Evidence Code sections 452, subdivision (d) and 459, subdivision (a); and (3) the parties could review the records in the clerk's office. On December 17, this court invited the parties to file supplemental letter briefs regarding the judicially noticed records. White filed a supplemental brief on January 6, 2014.

6

towards him, and threw both the sweatpants and the object inside the sweatpants into the bed of his truck. White was taken into custody, and the object─a loaded Taurus .357-magnum revolver─was recovered from the bed of the truck. The officers also found bullets for that gun inside the truck.

B. *Procedural Background*

1. *Current conviction and sentence*

In 1995 White was convicted of his current nonserious and nonviolent offense─possession of a firearm by a felon (§ 12021(a))─and the court thereafter found true sentence enhancement allegations that White had sustained three prior strikes within the meaning of the Three Strikes law and one prior prison term within the meaning of section 667.5, subdivision (b).[5] The court dismissed the prison prior and sentenced White as a third strike offender to an indeterminate prison term of 25 years to life under the pre-Proposition 36 version of the Three Strikes law.

2. *White's petition to recall his life sentence under the Reform Act*

Shortly after the voters approved Proposition 36, White petitioned the court under section 1170.126 to recall his life sentence and resentence him as a second strike offender. As pertinent here, White argued that he qualified for resentencing under that section because (1) he was serving the life sentence for his conviction of a violation of section 12021(a), a felony that was not a serious or violent felony; and (2) his sentence was not imposed for an offense appearing in sections 667(e)(2)(C)(iii) and

---

[5]     White's prior felony convictions include a 1983 conviction for residential burglary and 1984 convictions for robbery and assault with a deadly weapon on a police officer.

1170.12(c)(2)(C)(iii). In support of his petition White submitted a copy of what he described as a "laudatory chrono report from his [California Department of Corrections and Rehabilitation] file depicting that he is very cooperative with the prison administrative staff."

The trial court filed an order to show cause (OSC) directing White to show cause why the court should not issue an order denying his petition for resentencing on the ground he was ineligible for relief "because of the nature of his commitment offense." The OSC also stated that White "was committed to his current indeterminate term in [California Department of Corrections and Rehabilitation] for violation of Penal Code section 12021, felon in possession of a firearm. The initiative statute specifically excludes any current felony in which the defendant used a firearm or was armed with a firearm."

In his response to the court's OSC, White asked that the court not dismiss his petition because he "was never charged with, or convicted of, any conduct that would constitute a finding that he was 'armed.'" He indicated that the armed-with-a-firearm exclusion applies only to a defendant who committed an underlying felony and was armed with a firearm while that crime was being committed. White also indicated the prosecution was required to plead and prove an armed enhancement under section 12022 and asserted that "simple possession of a firearm alone does not place a petitioner outside of eligibility of resentencing."

The People opposed White's petition in their response to the OSC, arguing he was ineligible for resentencing because he was armed with a firearm during the commission

8

of his current offense within the meaning of the exclusion set forth in section 667(e)(2)(C)(iii),[6] as incorporated in section 1170.126(e)(2), and, thus, the exclusion applied. In support of this argument, the People asserted that "[a] plain reading" of the language in section 667(e)(2)(C)(iii) "does not require the existence of any separate or 'underlying' crime, unrelated to being armed, for the disqualification to apply. Nor is there any requirement in section 1170.126(e)(2) that an enhancement under section 12022 had to have been pled and proved in connection with the conviction of the commitment offense."

    a. *Hearing and ruling*

    During the hearing, the court asked defense counsel, "Are we satisfied that . . . the record of this conviction shows that [White] *physically* was in possession of a firearm?" (Italics added.) Defense counsel replied: "Yes. I don't think that there is any dispute that he was in possession of a firearm. That is not in dispute." The court then commented, "And possession of a firearm, that for other purposes would clearly be armed." In response, defense counsel acknowledged that, "[i]n the plain language of the word, yes, *he was armed*." (Italics added.)

    At the conclusion of the hearing, the court denied White's sentence recall petition, finding he was excluded from resentencing relief because he was armed with a firearm

---

6    Although the People only cited section 667(e)(2)(C)(iii) in arguing White was ineligible for resentencing under the Reform Act, the exclusionary armed-with-a-firearm language is also found (as noted, *ante*) in section 1170.12(c)(2)(C)(iii).

9

within the meaning of the armed-with-a-firearm exclusion when he committed his current offense. White's current appeal followed.

DISCUSSION

In approving the Reform Act, the voters found and declared that its purpose was to prevent the early release of dangerous criminals and relieve prison overcrowding by allowing low-risk, nonviolent inmates serving life sentences for petty crimes, such as shoplifting and simple drug possession, to receive twice the normal sentence instead of a life sentence. (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of Prop. 36, § 1, subds. (3), (4) & (5), p. 105; see Historical and Statutory Notes, 49 West's Ann. Pen. Code (2014 supp.) foll. § 667, pp. 40-41.) The electorate also approved a mandate that the Reform Act be liberally construed to effectuate the protection of the health, safety, and welfare of the People of California. (Voter Information Guide, *supra*, text of Prop. 36, § 7, p. 110.) Accordingly, we liberally construe the provisions of the Reform Act in order to effectuate its foregoing purposes.

In *Yearwood*, the Court of Appeal recently explained that, under the Reform Act, "[a] prisoner is eligible for resentencing as a second strike offender if *all* of the following [criteria] are shown: (1) the prisoner is serving an indeterminate life sentence for a crime that is not a serious or violent felony; (2) *the life sentence was not imposed for any of the offenses appearing in sections 667[(e)(2)(C)] and 1170.12[(c)(2)(C)]*; and (3) the inmate has no prior convictions for any of the offenses appearing in clause (iv) of section 667[(e)(2)(C)] or clause (iv) of section 1170.12(c)(2)(C)." (*Yearwood*, *supra*, 213 Cal.App.4th at p. 170, citing § 1170.126(e), italics added.) If the trial court determines

10

the prisoner's petition for resentencing satisfies all three of the foregoing eligibility criteria set forth in section 1170.126(e), the court must resentence the prisoner as a second strike offender "'unless the court, in its discretion, determines that resentencing . . . would pose an unreasonable risk of danger to public safety.'" (*Yearwood*, at p. 170, quoting § 1170.126(f).)[7]

Here, as the parties correctly acknowledge, only the second resentencing eligibility criterion set forth in section 1170.126(e)(2) is at issue in this appeal.[8] That criterion is satisfied if the prisoner's life sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of sections 667(e)(2)(C) and 1170.12(c)(2)(C). (§ 1170.126(e)(2).)[9] Stated differently, the second resentencing eligibility criterion set forth in 1170.126(e)(2) is *not* satisfied─and the petitioning prisoner is *ineligible* for

---

[7] Section 1170.126(f) provides in full: "Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e). If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced [as a second strike offender] pursuant to paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12 *unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety*." (Italics added.)

[8] The first resentencing eligibility criterion set forth in section 1170.126(e)(1) is met because White is serving an indeterminate life sentence for a crime that (as noted, *ante*) is not a serious or violent felony: possession of a firearm by a felon (§ 12021(a)(1)) Neither party raises any issue regarding the third criterion set forth in section 1170.126(e)(3), and, thus, we shall not discuss it further.

[9] Section 1170.126(e)(2) provides: "(e) An inmate is eligible for resentencing if: [¶] . . . [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

resentencing relief under the Reform Act—if the prisoner's life sentence was imposed for any of the disqualifying offenses (which the parties sometimes refer to as exclusions) appearing in sections 667(e)(2)(C)(i)-(iii) and 1170.12(c)(2)(C)(i)-(iii).

The sole disqualifying exclusion at issue in this appeal—the armed-with-a-firearm exclusion—is set forth in section 667(e)(2)(C)(iii),[10] and also in section 1170.12(c)(2)(C)(iii),[11] which in pertinent part is substantially identical to section 667(e)(2)(C)(iii). Under the plain language of the armed-with-a-firearm exclusion, White is ineligible for resentencing relief as a second strike offender if his life sentence was "imposed" because "[d]uring the commission of the current offense, [he] . . . was armed with a firearm." (§§ 667(e)(2)(C)(iii) & 1170.12(c)(2)(C)(iii). both cross-referenced in § 1170.126(e)(2).)

---

[10] Section 667(e)(2)(C)(iii) provides: "[(e)(2)](C) If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a serious or violent felony as defined in subdivision (d), the defendant shall be sentenced [as a second strike offender] pursuant to paragraph (1) of subdivision (e) unless the prosecution pleads and proves any of the following: [¶] . . . [¶] (iii) *During the commission of the current offense, the defendant . . . was armed with a firearm . . . .*" (Italics added.)

[11] Section 1170.12(c)(2)(C)(iii) provides: "[(c)(2)](C) If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a felony described in paragraph (1) of subdivision (b) of this section, the defendant shall be sentenced [as a second strike offender] pursuant to paragraph (1) of subdivision (c) of this section, unless the prosecution pleads and proves any of the following: [¶] . . . [¶] (iii) *During the commission of the current offense, the defendant . . . was armed with a firearm . . . .*" (Italics added.)

Here, the record of conviction establishes that the applicable resentencing eligibility criterion set forth in section 1170.126(e)(2) is not satisfied, and, thus, White is ineligible for resentencing relief under the Reform Act. Specifically, the record of conviction establishes that White's life sentence was imposed because he was in physical possession of a firearm when the police officers approached him, and, thus, he was armed with a firearm during the commission of his current offense.

The California Supreme Court has explained that "'[i]t is the availability─the ready access─of the weapon that constitutes arming.'" (*People v. Bland* (1995) 10 Cal.4th 991, 997 (*Bland*), quoting *People v. Mendival* (1992) 2 Cal.App.4th 562, 574.)

"The statutory elements of a violation of section 12021[(a)(1)] . . . are that a person, who has previously been convicted of a felony, had in his or her *possession* or under his or her *custody or control* any firearm." (*People v. Padilla* (2002) 98 Cal.App.4th 127, 138, italics added.)

Although the crime of possession of a firearm by a felon may involve the act of personally carrying or being in actual *physical* possession of a firearm, as occurred here, such an act is not an essential element of a violation of section 12021(a) because a conviction of this offense also may be based on a defendant's *constructive* possession of a firearm. (See *People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1417; *People v. Mejia* (1999) 72 Cal.App.4th 1269, 1272 [defendant need not physically have the weapon on his person; constructive possession of a firearm "is established by showing a knowing exercise of dominion and control" over it].) "To establish constructive possession, the prosecution must prove a defendant knowingly exercised a right to control the prohibited

13

item, either directly or through another person." (*People v. Sifuentes*, supra, 195 Cal.App.4th at p. 1417.)

Thus, while the act of being armed with a firearm—that is, having ready access to a firearm (*Bland*, *supra*, 10 Cal.4th at p. 997)—necessarily requires possession of the firearm, possession of a firearm does not necessarily require that the possessor be armed with it. For example, a convicted felon may be found to be a felon in possession of a firearm if he or she knowingly kept a firearm in a locked offsite storage unit even though he or she had no ready access to the firearm and, thus, was not armed with it.

Here, the accusatory pleading charged White with one felony count of possession of a firearm by a felon by alleging the essential elements of that offense. Specifically, it alleged in count 1 that, "[o]n or about March 29, 1995, [White] did willfully and unlawfully own and have in [his] possession and under [his] custody and control a firearm, the said defendant having theretofore been duly and legally convicted of a felony, in violation of [section] 12021(a)."

Although the information did not allege that White was armed with a firearm when he committed that offense, and it contained no sentence enhancement allegation that he was armed with a firearm, the record shows the prosecution's case was based on evidence that White not only possessed the firearm, but also that he was armed with the firearm during his commission of the current offense. Specifically, the record of conviction establishes that White not only had a firearm "in [his] possession or under [his] custody or control"; he also was personally armed with the firearm on that date because he was carrying—and, thus, had "ready access" (*Bland*, *supra*, 10 Cal.4th at p.

14

997) to—that firearm. The trial evidence shows the police officers conducting a surveillance of White's residence saw White walking towards his pickup truck and carrying a rolled-up cloth (sweatpants) with an object inside. The officers believed White might be armed, and when they moved towards him and drew their guns, White began to run, reached inside the rolled-up sweatpants he was carrying, and soon thereafter threw both the sweatpants and the object inside the sweatpants into the bed of his truck. The officers arrested White and found that the object he had thrown into the truck bed was a loaded .357-magnum revolver.

Furthermore, the record shows White asserted in a pretrial motion that the object he threw into the back of his truck was "a hand gun in a holster rolled up inside" the sweatpants. Also, White's counsel stipulated during his closing argument at trial that White had been armed. Specifically, counsel argued to the jury, "The fact that he had a gun, we are giving you that."[12]

In any event, in this current appeal, White acknowledged in his opening brief that he was armed with the .357-magnum revolver. Specifically, he asserted that, "at the . . . hearing on his Proposition 36 resentencing motion, [he] conceded he possessed a firearm in 1995, and 'in the plain language of the word . . . he was armed.'"

In sum, the record shows the prosecution's case was not based on the theory that White was guilty of possession of a firearm by a felon because he had constructive possession of the firearm; it was based on the theory that he was guilty of that offense

---

[12]    In his closing argument at trial, defense counsel also argued that White's defense was the defense of necessity. The court instructed the jury on that defense.

15

because he had actual physical possession of the firearm. Although White was not explicitly charged with being armed during the commission of his current offense, and he was convicted only of being a felon in possession of a firearm in violation of section 12021(a), the foregoing record amply supports a finding under section 1170.126(e)(2) that his life sentence was imposed because he was in fact armed with a firearm during his commission of his current section 12021(a) offense within the meaning of the armed-with-a-firearm exclusion.

Our conclusion that the record of White's conviction shows he is ineligible for resentencing relief is consistent with the purposes of the Reform Act. As noted, the Reform Act is intended to provide resentencing relief to low-risk, nonviolent inmates serving life sentences for petty crimes, such as shoplifting and simple drug possession. (Voter Information Guide, *supra*, text of Prop. 36, § 1, subds. (3), (4) & (5), p. 105.) White's current offense of being a felon in possession of a firearm—when viewed in light of the fact that he was armed with the firearm during the commission of that offense—cannot be deemed a petty or minor crime for purposes of the Reform Act.

Citing the "plead and prove" language contained in sections 667(e)(2)(C) and 1170.12(c)(2)(C) (discussed, *post*), White claims that "any offense or conduct that disqualifies a petitioner from relief under the Reform Act must be 'pled and proven' by the prosecution," and, here, the prosecution did not plead or prove that he was armed. This claim is unavailing.

Section 667(e)(2)(C) provides in pertinent part that, "[i]f a defendant has two or more prior serious and/or violent felony convictions . . . and the current offense is not a

16

serious or violent felony . . . , *the defendant shall be sentenced*" (italics added) as a second strike offender "unless the prosecution *pleads and proves*" (italics added) any of the four enumerated exceptions or exclusions set forth in clauses (i) through (iv) of section 667(e)(2)(C).  (See *Kaulick*, *supra*, 215 Cal.App.4th at p. 1293.)

Section 1170.12(c)(2)(C) similarly provides that, "[i]f a defendant has two or more prior serious and/or violent felony convictions . . . and the current offense is not a [serious or violent] felony . . . , *the defendant shall be sentenced*" (italics added) as a second strike offender "unless the prosecution *pleads and proves*" (italics added) any of the four enumerated exceptions or exclusions set forth in clauses (i) through (iv) of section 1170.12(c)(2)(C).  (See *Kaulick*, *supra*, 215 Cal.App.4th at p. 1293.)

White claims the pleading and proof requirement set forth in both section 667(e)(2)(C) and section 1170.12(c)(2)(C) "is incorporated into section 1170.126."  We reject this claim.  White's reliance on the plead-and-prove language is unavailing for two principal reasons.

*First*, although section 1170.126(e)(2) expressly cross-references "clauses (i) to (iii), inclusive" of sections 667(e)(2)(C) and 1170.12(c)(2)(C), nothing in the language of section 1170.126(e)(2) or of any of the other subdivisions of section 1170.126 governing an inmate's petition for resentencing relief under the Reform Act references the plead-and-prove language.

*Second*, what White refers to as the pleading and proof requirement plainly is a part of only the *prospective* part of the Reform Act, which governs the *sentencing* of a *defendant* with "two or more prior serious and/or violent felony convictions" who has

17

suffered a third felony conviction; it is *not* a part of section 1170.126, the *retrospective* part of the Reform Act that governs a petition for *resentencing* brought by an *inmate* already serving a life sentence under the Three Strikes law.  In *Kaulick*, the Court of Appeal explained that "there are two parts to the [Reform Act]:  the first part is *prospective* only, reducing the sentence to be imposed in future three strike cases where the third strike is not a serious or violent felony (Pen. Code, §§ 667, 1170.12); the second part is *retrospective*, providing *similar, but not identical*, relief for prisoners already serving third strike sentences in cases where the third strike was not a serious or violent felony (Pen. Code, § 1170.126)." (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1292.)  The *Kaulick* court further explained that, "under the prospective part of the [Reform Act], if the defendant's current third strike offense is not serious or violent, and none of four enumerated exceptions applies, the defendant 'shall be' sentenced as if the defendant had only a single prior strike." (*Id*. at p. 1293, fn. omitted.)

For all of the foregoing reasons, we reject White's contentions that the plead-and-prove language is incorporated into section 1170.126 and that the plain language of the armed-with-a-firearm exclusion "requires that the arming be anchored or tethered to an offense which does not include possession."

We hold that, where the record establishes that a defendant convicted under the pre-Proposition 36 version of the Three Strikes law as a third strike offender of possession of a firearm by a felon was armed with the firearm during the commission of that offense, the armed-with-a-firearm exclusion applies and, thus, the defendant is not entitled to resentencing relief under the Reform Act.  We also hold that**,** in such a case, a

18

trial court may deny section 1170.126 resentencing relief under the armed-with-a-firearm exclusion even if the accusatory pleading, under which the defendant was charged and convicted of possession of a firearm by a felon, did not allege he or she was armed with a firearm during the commission of that possession offense. Accordingly, we affirm the order denying White's petition for a recall of his life sentence and for resentencing as a second strike offender under the Reform Act.

DISPOSITION

The order denying White's resentencing petition is affirmed.

NARES, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.

19