Filed 7/22/14  Craig v. Superior Court CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JAMES DAVID CRAIG,<br><br>             Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF VENTURA COUNTY,<br><br>             Respondent,<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>     Real Party in Interest. | 2d Crim. No. B250309<br>2nd Crim. No. B249252<br>(Super. Ct. No. CR36454)<br>(Ventura County) |

James David Craig seeks mandamus relief and purports to appeal from an order denying his post-judgment petition to recall a portion of a Three Strikes 55-year-to-life sentence imposed in 1995 after he was convicted of first degree residential burglary (Pen. Code, § 459)[1] and carrying a dagger (former § 12020, subd. (a), now § 21310).  The petition to recall the sentence was filed pursuant to section 1170.126, also known as Proposition 36 or the Three Strikes Reform Act of 2012.  (See *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167.)

The Attorney General argues that the order is nonappealable but Craig filed companion petitions for habeas (B249252) and mandamus relief.  (See e.g., *In re*

---

[1] All statutory references are to the Penal Code.

*Martinez* (2014) 223 Cal.App.4th 610, 615 [appeal treated as habeas writ].) We issued a writ of mandate directing respondent court to vacate its February 14, 2013 order and to determine, at a noticed hearing, whether imposition of a Two Strikes determinate term on count 2 for possession of a dagger would pose an unreasonable risk of danger to public safety. (§ 1170.126 subd. (f).) We deny the petition because of the armed-with- a-deadly weapon exclusion (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subdivision (c)(2)(C)(iii)) renders Craig ineligible for resentencing relief. (*People v. White.* (2014) 223 Cal.App.4th 512, petition for review denied April 30, 2014, S217030 (*White).*)

*Procedural History*

In 1995, Craig committed a residential burglary. He was arrested two weeks later with a double-edged knife, a dagger, on his person. He was convicted of first degree residential burglary (count 1; § 459) and possession of a dagger (count 2; § 12020, subd. (a)), with special findings that he suffered four prior strike burglary convictions and a prior serious felony conviction. (§ 667, subd. (a).) The trial court sentenced Craig to two consecutive 25-year-to-life terms plus five years on the serious felony enhancement (§ 667, subd. (a)), resulting in an aggregate sentence of 55 years to life state prison. In 1996, we affirmed the sentence in an unpublished opinion. (B098935 [Op. by Yegan, J., Stone, P.J., and Gilbert, J., concurring].)

After the voters approved Proposition 36 on November 6, 2012, Craig filed a petition to recall the 25-year-to life sentence on count 2 only on the theory that possession of a dagger is not a violent/serious felony conviction. (§ 1170.126, subd. (b).) On February 14, 2013, the trial court denied the petition stating: "Mr. Craig was convicted of first degree burglary in this case, a 'strike' offense, and is therefore not eligible for resentencing under Penal Code section 1170.126. (See Pen. Code, section 1170.126(e)(1).)"

*Proposition 36*

The Attorney General argues and, as indicated, the trial court ruled, that Craig is ineligible for section 1170.126 relief if one of the commitment offenses is a serious or violent felony. (See *In re Martinez* (2014) 223 Cal.App.4th 610, 620 [court

2

considered all felonies that led to any indeterminate sentence].)  Craig concedes that he does not qualify for resentencing relief on the conviction for residential burglary.  But Craig received a consecutive 25-year-to-life term for possession of a dagger which is not a violent or serious felony.  (See *In re Jorge M.* (2000) 23 Cal.4th 866, 875 [unlawful possession of a dagger is a wobbler].)  He seeks relief on count two.

Effective November 7, 2012, Proposition 36 amends the Three Strikes law to provide that a sentence of 25 years to life shall be imposed only if the current offense is a serious or violent felony or the prosecution pleads and proves an enumerated qualifying exception.  (§§ 667, subd. (e)(2)(C); 1170.12, subd. (c)(2)(C); *People v. Yearwood, supra,* 213 Cal.App.4th at p. 170; *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1285-1286 (*Kaulic*).)  Proposition 36 "also added section 1170.126 which creates a postconviction release proceeding 'intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence.' (§ 1170.126, subd. (a).)"  (*People v. Yearwood*, *supra,* 213 Cal.App.4th at p. 170.)

Stated another way, "there are two parts to [Proposition 36]: the first part is *prospective* only, reducing the sentence to be imposed in future three strike cases where the third strike is not a serious or violent felony (Pen. Code, §§ 667, 1170.12); the second part is *retrospective,* providing *similar, but not identical*, relief for prisoners already serving three strike sentences in cases where the third strike was not a serious or violent felony. (Pen. Code, § 1170.126.)"  (*People v. Superior Court* (*Kaulick*), *supra,* 215 Cal.App.4th  at p. 1292.)

Craig's petition addresses the second part of Proposition 36 which, in pertinent part, provides that a prisoner serving an indeterminate term of life under the pre-Proposition 36 version of the Three Strikes law may be eligible for resentencing where the third felony conviction is not a serious or violent felony.  (*Kaulick*, *supra,* 215 Cal.App.4th at p. 1296.)  If the resentencing eligibility criteria are satisfied and none of

the disqualifying exceptions apply, the trial court determines whether resentencing (i.e., imposition of a Two Strikes determinate term) would pose an unreasonable risk of danger to public safety.  (1170.126, subd. (f); *Kaulick*, *supra,* 215 Cal.App.4th at p. 1296.)

*Armed With A Deadly Weapon Exception*

The Attorney General argues that Craig is ineligible for resentencing if, during the commission of the offense (i.e., possession of a dagger) Craig was armed with a deadly weapon.  Section 1170.126, subdivision (e)(2) cross-references section 667, subdivision (e)(2)(C)(iii) and section 1170.12, subdivision (c)(2)(C)(iii) which provide that Craig is statutorily ineligible for resentencing if, "[*d*]*uring the commission of the current offense*, the defendant used a firearm, *was armed with a firearm or deadly weapon*, or intended to cause great bodily injury to another person." (Italics added.)  By carrying a dagger on his person, Craig was armed with a deadly weapon during the commission of the offense.  In *People v. Bland*  (1995) 10 Cal.4th 991, 997, our Supreme Court explained that " '[i]t is the availability - the ready access - of the weapon that constitutes the arming.' [Citation.]"

In *White, supra,* 223 Cal.App.4th 512, officers saw White throw a loaded firearm into the back of his truck during a police surveillance of White's residence. White was convicted of possession of a firearm by a felon (§ 12021, subd. (a)) and sentenced  as a Three Strikes offender to 25 years to life.  After the voters approved Proposition 36, White petitioned the court under section 1170.126 to recall his life sentence and resentence him as a second strike offender.  The trial court denied the petition on the ground that White was armed with a firearm within the meaning of the armed-with-a-firearm exclusion when he committed the offense.  (*Id.*, at p. 522.)

The Court of Appeal affirmed.  "[A] trial court may deny section 1170.126 resentencing relief under the armed-with-a-firearm exclusion even if the accusatory pleading, under which the defendant was charged and convicted of possession of a firearm by a felon, did not allege he or she was armed with a firearm during the commission of that possession offense." (*Id.*, at p. 527.)  Citing the Proposition 36 Voter Information Guide, the *White* court concluded that Proposition 36 is intended to provide

4

resentencing relief to low-risk nonviolent inmates serving life sentences for petty crimes such as shoplifting and simple drug possession. (*Id.*, at p. 526.) "White's current offense of being a felon in possession of a firearm - when viewed in light of the fact that he was armed with the firearm during the commission of that offense - cannot be deemed a petty or minor crime for purposes of the Reform Act." (*Ibid.*)

The holding and analysis in *White* applies here. Craig was convicted of unlawful possession of a dagger and was armed with a dangerous weapon during the commission of the offense. The armed-with-a-deadly-weapon exclusion applies because Craig was in physical possession of the dagger and had ready access to it. (*People v. White*, *supra,* 223 Cal.App.4th at pp. 523-524.) The armed-with-a-dangerous-weapon exclusion does not require that the arming be anchored or tethered to an offense which does not include simple possession. (*Id.*, at p. 527; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1032 ["facilitative nexus" between the arming and the possession of firearm not required].) Although section 1170.126 is a remedial statute, we do not sit as a "Super Legislature," at liberty to add to or narrow the armed-with-a-deadly-weapon exclusion. (*See e.g., Unzuetta v. Ocean View School Dist.* (1992) 6 Cal.App.4th 1689, 1699.) We also do not sit as a "super electorate."

The petition for writ of mandate is denied and the order to show cause in B250309, having served its purpose, is discharged. The purported appeal and petition for writ of habeas corpus (B249252) are dismissed as moot.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.


5

Kevin J. McGee, Judge

Superior Court County of Ventura

_____

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director, Richard B. Lennon, Staff Attorney, for Petitioner.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Chung L. Mar, Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.