Filed 6/2/15  P. v. Winslow CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY FRANEL WINSLOW,<br><br>    Defendant and Appellant. | 2d Crim. No. B260859<br>(Super. Ct. No. SM105224)<br>(Santa Barbara County) |

Anthony Franel Winslow appeals from a November 13, 2014 order denying his petition to recall a Three Strikes sentence pursuant to Proposition 36 (Pen. Code, § 1170.126).[1]  In 1998, appellant was convicted of unlawful possession of a firearm by a felon (former § 12021, subd. (a), now § 29800) and resisting an executive officer (§ 69).  The trial court found that appellant had suffered two prior serious/violent felony convictions within the meaning of the Three Strikes law (§ 667, subd. (e)((2)(A)) and had served four prior prison terms (§ 667.5, subd. (b)).  Appellant was sentenced to 29 years to life.  In 1999, we affirmed the conviction in an unpublished opinion. (B124108.)

On March 26, 2013, appellant filed a petition to recall his sentence and be resentenced pursuant to Proposition 36.  (§ 1170.126.)  The trial court denied the petition

---

[1] All statutory references are to the Penal Code unless otherwise stated.

on the ground that appellant was ineligible for resentencing because he was armed during the commission of the offense. (§ 1170.126, subd. (e)(2); 667, subd. (e)(2)(C)(iii); see *People v. White* (2014) 223 Cal.App.4th 512, 527.)

We appointed counsel to represent appellant in this appeal. After counsel's examination of the record, he filed a brief raising no issues.

On March 24, 2015, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider. On May 22, 2015, appellant submitted a letter brief stating, among other things, that the underlying conviction may not be supported by the evidence because of a discrepancy in discovery regarding the firearm's serial number. Appellant's possession of a firearm during the commission of the offense renders him ineligible for Proposition 36 resentencing. (§ 1170.126, subd. (e)(2); 667, subd. (e)(2)(C)(iii); *People v. White, supra,* 223 Cal.App.4th at p. 527; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1032; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 799.)

We have reviewed the entire record and are satisfied that appellant's counsel has fully complied with his responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment (order denying petition for resentencing) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

2

Rick Brown, Judge

Superior Court County of Santa Barbara

_____


California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director and Richard B. Lennon, Staff Attorney, for Appellant.


No appearance for Respondent.