Filed 6/22/16  P. v. Jackson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHARLES JACKSON,<br><br>    Defendant and Appellant. | D068893<br><br><br><br>(Super. Ct. No. SCD106174) |

APPEAL from an order of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Affirmed.

Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

In 1995, Charles Jackson was convicted of possession of a firearm by a felon (Pen. Code,[1] § 12021, subd. (a); possession of a firearm while under the influence of a

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

controlled substance (Health & Saf. Code, § 11550, subd. (e)); concealing a firearm on his person (§ 12025, subd. (a)(2)); possession of a loaded firearm (§ 12031, subd. (a)(1)); and being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)). Jackson admitted two serious/violent felony prior convictions (§ 667, subds. (b)-(i)).

Jackson was originally sentenced to a term of 50 years to life.

In an unpublished opinion filed September 18, 1997 (*People v. Jackson*, D023707),[2] this court affirmed the convictions, but reduced the sentence to 25 years to life.

Following the passage of Proposition 36 (the Three Strikes Reform Act of 2012, "the Act"), Jackson filed a petition to recall and resentence under the Act. The trial court determined Jackson was ineligible for resentencing because he was armed with a firearm at the time of the offense.

Jackson appeals contending the trial court erred in finding he was armed at the time of the offense. Jackson notes possession of a firearm does not necessarily involve being armed. Further, he contends he could not be found to be armed unless the act of being armed was "tethered" or committed in a separate offense. Finally, Jackson argues he was entitled to have the contention he was armed pled and proved beyond a reasonable doubt, and to have a jury trial on such contention.

---

[2]     We have granted Jackson's request to take judicial notice of our opinion in D023707.

2

Jackson recognizes that current case law has rejected his contentions. He contends, however, that such cases were wrongly decided. We will reject each of Jackson's contentions and affirm.

## STATEMENT OF FACTS

The parties have used the facts from our prior opinion as the basis for the petition and this appeal. We will incorporate those facts here.

On the morning of August 26, 1994, Jackson, in an agitated condition, entered a downtown San Diego custom furniture store and asked the owner, John Fruehwirth, if he wanted to buy a nine-millimeter handgun for $150. Fruehwirth asked Jackson, "What do I look like?" Jackson replied, "Well, I didn't think you look like the police." Fruehwirth pushed Jackson from the store and told his wife to call the police. Jackson and a companion departed.

The police received several reports that morning of two men trying to sell a gun. At about 10:00 a.m., Officer Kerry Mensior saw Jackson, who fit the description of one of the men, and another man walking on the street in the vicinity of Fruehwirth's store. When he stopped his car, Jackson and his companion turned and walked away from the officer. Mensior drew his gun and told the men to stop. Noticing Jackson had something in each hand, the officer told him to drop what he was holding. Jackson dropped a magazine for a nine-millimeter handgun and nine nine-millimeter bullets. In Jackson's waistband Mensior found a nine-millimeter handgun. The gun did not contain a magazine, but a round was chambered.

Based on Jackson's behavior and physical condition, the officer concluded that he was under the influence of a controlled substance. A sample of Jackson's urine revealed the presence of amphetamine and methamphetamine.

DISCUSSION

The basic issue presented in this case is whether the record discloses that Jackson was armed with a firearm during the commission of the offenses for which he is serving a third strike sentence. Jackson contends he is not ineligible for resentencing because the offense for which he was convicted, possession of a firearm by a felon, does not include the element of being armed with or using a firearm. Jackson further argues that the prosecution in 1995 had the duty to plead and prove that he was armed at the time of the offense, and in the absence of a record of such pleading and proof, a retrospective determination he was ineligible for resentencing under the Act would violate the principles of due process established in *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*) and *Blakely v. Washington* (2004) 542 U.S. 296. Finally, Jackson contends that even if we reject his other arguments, the record is not sufficient to sustain the trial court's finding.

A. Proposition 36

In November 2012 the voters enacted a reform of California's Three Strikes Law. "The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law

4

by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender. [Citation.] The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)" (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

The proponents of the Act informed the public in the Voter Information Guide that the amendments to the law would do several things. They would (1) revise the three strikes law to impose life sentences only when a new felony conviction is serious or violent; (2) authorize resentencing for offenders currently serving life sentences if the third strike conviction was not serious or violent and the judge determines the sentence does not pose an unreasonable risk to public safety; (3) continue to impose life sentence penalties if the third strike conviction was for certain nonserious, nonviolent sex or drug offenses or involved firearm possession; and (4) maintain life sentence penalties for felons with nonserious, nonviolent third strike convictions if the person has prior convictions for rape, murder or child molestation. (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) p. 48.)

Thus, the thrust of the reform was to modify the three strikes law to allow resentencing of or prevent future life sentences for persons whose third strike involves a

5

nonserious or nonviolent felony.  The proponents argued the reform would make it easier to deal with serious or violent offenders by removing those whose new offenses are not serious or violent, thus making room in the prisons for the truly dangerous offenders.  The proponents, however, assured the public that dangerous felons would continue to receive the harsh third strike sentences where certain criteria are met.  The criterion at issue in this case is whether the defendant was armed with a firearm during the commission of his commitment offenses.  Persons armed with or using firearms were deemed by the proponents of the Act to be dangerous.

Having these principles in mind we turn to Jackson's individual contentions.

### B.  Possession of a Firearm by a Felon

Jackson contends that conviction of possession of a firearm by a felon does not disqualify him from resentencing.  The parties agree the offense does not qualify as a serious or violent felony.  Jackson argues that the offense can be committed without being "armed."  We agree that physical possession of a firearm is not required to prove possession.  Such offense can be proved by showing constructive possession of the weapon, either directly or through another person.  (*People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1417.)  On the other hand, being armed means that the defendant had the weapon physically available for offensive or defensive use.  (*People v. Bland* (1995) 10 Cal.4th 991, 1003*; People v. Wandick* (1991) 227 Cal.App.3d 918, 921; *People v. Fierro* (1991) 1 Cal.4th 173, 225.)

Thus we agree with Jackson that mere proof of conviction for possession does not show the defendant was armed during the commission of the offense. Something more is required.

The controlling section in this case is section 1170.126, subdivision (e)(2). It makes a defendant ineligible for resentencing if "[d]uring the commission of the current offense [he] . . . was armed with a firearm." (§ 667, subd. (e)(2)(C)(iii).) As we will discuss below, the section does not require pleading and proof of arming when a retrospective examination of the sentence occurs nor does it refer to any requirement to establish elements of any of the statutory arming enhancements.

Rather we must follow the direction of the Act to liberally construe its terms to accomplish the purposes of the legislation. (Voter Information Guide, *supra,* text of Prop. 36, § 7, p. 110.)

### C. Pleading and Proof

A central contention in Jackson's challenge to the trial court's decision is that in order to establish he is ineligible for resentencing, the disqualifying criterion must have been pled and proved prior to his 1995 conviction. This is required, he argues, because the ineligibility "increases punishment" and pleading and proof are required after *Apprendi, supra,* 530 U.S. 466. We disagree.

In *Apprendi*, *supra,* 530 U.S. 466, the court held that a defendant could not be sentenced to a term, in excess of the statutory maximum for the elements of the offense without the pleading and proof of the facts which would give rise to the increased term. There the trial court had imposed a term, beyond the statutory maximum for the offense,

7

based on judicial fact finding that the crime was motivated by racial animus. (See also *Blakely v. Washington, supra*, 542 U.S. 296.) The difficulty with Jackson's argument is that he was sentenced to a life term, based upon factors properly pled and proved when the prosecution demonstrated Jackson was a third strike offender. Thus, in the retrospective examination of the record of conviction the question is not whether to increase punishment for the current offense, because that was already lawfully done. Rather, the question is whether, based on the manner of the commission of the underlying offense the prisoner is or is not eligible for a potential reduction of his or her sentence.

In the portion of the Act dealing with prospective application of the three strikes law to new cases, the statute requires the prosecution to plead and prove any factor which would qualify the defendant for a life term sentence, including, where appropriate, that the defendant was armed during the commission of the offense. (§ 667, subd. (e)(2)(C).) The differences in approach make sense. Prospectively, the prosecution is seeking, in the case of nonserious or nonviolent third strikes, to impose a life term, which would not be possible without the added factors. On the other hand, in a retrospective analysis of sentences, the increased punishment has already been lawfully imposed. We agree with the court in *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1303, in finding no requirement of pleading and proof for factors of ineligibility in retrospective examination of third strike sentences.

### D. The State of the Record

Finally, Jackson contends the record on appeal does not establish he was armed during his offenses. We again disagree.

8

The underlying conviction followed a guilty plea. Prior to sentencing, the probation officer's report set forth the facts of the offense. The accuracy of that report has never been challenged. In addition, at the time of the plea Jackson admitted he had physical possession of a nine-millimeter pistol.

As we have noted there is no challenge to the accuracy of the probation report in this record. We are satisfied that a trial court reviewing the circumstances of the prior conviction could conclude that Jackson had a loaded firearm in his physical possession, indeed in his hand, during the commission of his current offenses. The court's finding Jackson is ineligible for relief under the Act is supported by the record.

In *People v. White* (2014) 223 Cal.App.4th 512 (*White*), this court held that where "the record establishes that a defendant convicted under the pre-Proposition 36 version of the Three Strikes law as a third strike offender of possession of a firearm by a felon was armed with a firearm during the commission of that offense, the armed-with-a-firearm exclusion applies and the defendant is not entitled to resentencing relief under the Reform Act." (*White, supra,* at p. 519.)

In *White, supra,* 223 Cal.App.4th 512 the record established that the defendant had actual physical possession of a firearm at the time of the offense. We distinguished the possession offense, which can be committed by constructive possession from those cases where the defendant has actual physical possession. We observed that while the "act of being armed with a firearm . . . [citation] necessarily requires possession of the firearm, possession of a firearm does not necessarily require that the possessor be armed with it. For example, a convicted felon may be found to be a felon in possession of a firearm if he

9

or she knowingly kept a firearm in a locked offsite storage unit even though he or she had no ready access to the firearm and, thus, was not armed with it." (*Id.* at p. 524.) We further concluded, "In sum, the record shows the prosecution's case was not based on the theory that White was guilty of possession of a firearm by a felon because he had constructive possession of the firearm; it was based on the theory that he was guilty of that offense because he had actual physical possession of the firearm." (*Id*. at p. 525.)

Just as was the case in *White, supra,* 223 Cal.App.4th 512, the record in this case establishes that Jackson had actual physical possession of the firearm when he committed the current offense. Jackson acknowledges the *White* decision and a similar decision in *People v. Superior Court* (*Kaulick), supra,* 215 Cal.App.4th 1279. Jackson simply argues both cases were wrongly decided and that we should not follow them. We are familiar with both cases and are satisfied they were correctly decided. Hence, we are satisfied the record establishes that Jackson was armed with a firearm at the time of the offense and is thus ineligible for Proposition 36 resentencing.

## DISPOSITION

The judgment is affirmed.

_____

HUFFMAN, Acting P. J.

WE CONCUR:


_____

McDONALD, J.


_____

AARON, J.

10