Filed 7/25/16  P. v. Martin CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD B. MARTIN,<br><br>    Defendant and Appellant. | D068652<br><br><br>(Super. Ct. No. SCE302876) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Kessler & Seecof and Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Julie L. Garland, Assistant Attorneys General, Arlene A. Sevidal and Michael P. Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

In 2011, Richard B. Martin was sentenced to 25 years to life under the "Three Strikes" law after a jury convicted him of two counts of possession of a weapon in a

penal institution (Pen. Code,[1] § 4502, subd.(a)) and two counts of carrying a concealed dirk or dagger. (§ 12020, subd. (a)(4).) Martin unsuccessfully petitioned the trial court for resentencing under Proposition 36 (§ 1170.126, the Three Strikes Reform Act of 2012 (the Act)). Martin contends the trial court erred in finding the weapon he possessed and carried was deadly; therefore, he was eligible for resentencing. We reject Martin's contentions and affirm the order.

## FACTUAL BACKGROUND

In 2010, a San Diego Sheriff's Deputy at George Bailey Detention Facility heard Martin tell another inmate Martin was always "strapped," meaning he had a weapon. Hours later, the deputy searched Martin and found in the inner waistband of Martin's pants two toothbrushes that were sharpened on one end and had makeshift handles on the other. Martin appealed the judgment, which we affirmed. (*People v. Martin* (May 14, 2012, D059460) [nonpub. opn.] (*Martin I*).)

In denying Martin's petition for resentencing, the trial court relied on the facts set forth in *Martin I* and concluded Martin was armed with a deadly weapon within the meaning of section 1170.126, and therefore ineligible for resentencing.

---

[1]     Further statutory references are to the Penal Code.

DISCUSSION

Martin claims the trial court incorrectly found he was armed with a deadly weapon when he violated section 4502, subdivision (a). Specifically, Martin asserts: "The prosecution in the current offense did not charge appellant with being armed with a deadly weapon, that fact was not proved to the jury in his trial, and that fact was not at issue or discussed in [*Martin I*]. The trial court's finding that the record of conviction established that appellant was armed with a deadly weapon during the current offense was unsupported."

The People respond that a dirk is a deadly weapon as a matter of law and the jury found Martin was in possession of a dirk. Further, the trial court was permitted under *People v. White* (2014) 223 Cal.App.4th 512 (*White*) to consider the record of conviction to determine Martin's eligibility for relief under the Act.

The Act changed the requirements for sentencing third strike offenders. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167.) Prior to the Act, an individual with two or more strike priors who was convicted of any new felony could be sentenced to an indeterminate life term. (*Ibid.*) Under the Act, a life sentence is reserved for cases in which the third strike is serious or violent, or the prosecution has pleaded and proved an enumerated disqualifying factor. (*Id.* at pp. 167-168.) The Act has two parts: a prospective part that allows sentence reduction "to be imposed in future three strike cases where the third strike is not a serious or violent felony" (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 791-792 (*Brimmer*)), and a retrospective part that provides "relief for

3

prisoners already serving third strike sentences in cases where the third strike was not a serious or violent felony."  (*Id*. at p. 792.)

A prisoner is eligible for retrospective relief under the Act if he or she satisfies three criteria:  (1) the inmate is serving an indeterminate life sentence for a crime that is not defined as a serious or violent felony; (2) the current sentence was not imposed for any offenses listed in sections 667, subdivision (e)(2)(C)(i)-(iii) and 1170.12, subdivision (c)(2)(C)(i)-(iii); and (3) the inmate has no prior convictions for any of the offenses listed in section 667, subdivision (e)(2)(C)(iv) or section 1170.129, subdivision (c)(2)(C)(iv). (§ 1170.126, subd. (e).)

On appeal, the parties disagree regarding whether the second criterion is satisfied; that is, whether "[d]uring the commission of the current offense, the defendant used a firearm, *was armed with a firearm or deadly weapon*, or intended to cause great bodily injury to another person."  (§§ 667, subd. (e)(2)(C)(iii), 1170.12 subd. (c)(2)(C)(iii), italics added.)

## A.

In *People v. Graham* (1969) 71 Cal.2d 303 (*Graham*), the California Supreme Court classified "dangerous or deadly weapons" into two groups.  " 'The instrumentalities falling in the first, such as guns, dirks and blackjacks, which are weapons in the strict sense of the word and are "dangerous and deadly" to others in the ordinary use for which they are designed, may be said as a matter of law to be "dangerous or deadly weapons." ' "  (*Id*. at p. 327.)  The second class of weapons " 'such as ordinary razors, pocket-knives, hatpins, canes . . . and other sharp or heavy objects, which are not

4

weapons in the strict sense of the word and are not "dangerous or deadly" to others in the ordinary use for which they are designed, may not be said as a matter of law to be "dangerous or deadly weapons." ' " (*Id.* at pp. 327-328.)

After *Graham, supra,* 71 Cal.2d 303, the Legislature defined a "dirk or dagger" for the first time (*People v. Rubalcava* (2000) 23 Cal.4th. 322, 330, citing Stats. 1993, ch. 357, § 1, p. 2155) and in 1995, adopted the current definition, which states in part: "[A] knife or other instrument with or without a handguard that is capable of ready use as a stabbing weapon that may inflict great bodily injury or death." (§ 16470.) The statutory definition of a dirk or dagger does not affect *Graham's* classification of a dirk or dagger as a deadly weapon. *Graham's* classification of deadly weapons continues to be valid. (See *In re Bartholomew D.* (2005) 131 Cal.App.4th 317, 323, 326 [BB gun used in a robbery was a deadly weapon]; *People v. Henderson* (1999) 76 Cal.App.4th 453, 459 [classifying a pit bull as a deadly weapon].) We conclude that under *Graham* and section 16470, the toothbrushes that were found on Martin's person met the definition of a dirk, which qualifies as a deadly weapon.

## B.

In *White, supra,* 223 Cal.App.4th 512, the defendant was convicted of being a felon in possession of a firearm. We found him ineligible for resentencing under the Act because he was armed with a firearm during the commission of his current offense. (*Id.* at p. 518.) We held that "a trial court may deny section 1170.126 resentencing relief under the armed-with-a-firearm exclusion even if the accusatory pleading, under which the defendant was charged and convicted of possession of a firearm by a felon, did not

5

allege he or she was armed with a firearm during the commission of that possession offense." (*White, supra,* 223 Cal.App.4th at p. 519.)  Further, the record of conviction may be used to determine resentencing eligibility regardless of whether the prosecution pleaded and proved the defendant was armed with a weapon.  (*Id.* at pp. 525-526.)

In *Brimmer, supra,* 230 Cal.App.4th 782, the defendant was arguing with his girlfriend and took out a shotgun.  Brimmer was convicted of being a felon in possession of a firearm.  (*Id.* at p. 788.)  In the trial court, he successfully petitioned for resentencing under the Act.  (*Id.* at p. 789.)  On appeal, the *Brimmer* court agreed with *White's* holding and concluded the defendant was ineligible for resentencing under the armed with a firearm exclusion and a trial court "may deny section 1170.126 resentencing relief under the armed with a firearm exclusion even if the accusatory pleading did not allege he or she used or was armed with a firearm during the commission of that possessory offense." (*Brimmer,* at p. 805.)

Applying *White, supra,* 223 Cal.App.4th 512 and *Brimmer, supra,* 230 Cal.App.4th 782, we conclude that the prosecution was not required to plead and prove an element of the offense or conduct that would make Martin ineligible for resentencing under the Act, section 1170.126, subdivision (e)(2), so long as the facts in the record of conviction support his ineligibility.  In *Martin I,* we outlined sufficient facts from which we can conclude that Martin was ineligible for resentencing relief under the armed-with-a-deadly-weapon exclusion.  The trial court's findings are also consistent with the purpose of the Act, which is to provide resentencing relief to low-risk, nonviolent inmates serving life sentences for petty crimes.  (*White,* at p. 522.)  Martin's current

6

offenses of possessing a dirk or dagger in a penal institution and carrying a concealed dirk or dagger cannot be deemed petty offenses for purposes of the Act.

## DISPOSITION

The trial court's order is affirmed.


O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

HUFFMAN, J.