Filed 3/3/15  P. v. Marrero CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PEDRO JOSE MARRERO,<br><br>Defendant and Appellant. | E061300<br><br>(Super.Ct.No. FSB033368)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Pedro Jose Marrero, who is currently serving a three strikes sentence of 131 years to life, petitioned the trial court for recall of his sentence pursuant to Proposition 36, known as the Three Strikes Reform Act of 2012 (hereafter the Act). The trial court concluded defendant was ineligible for resentencing under Penal Code[1] section 1170.126, subdivision (e), since his commitment offenses included robbery, which is a serious felony, and he used a firearm in the commission of the offense.

On appeal, defendant contends he is eligible for resentencing on his three strikes sentence for the nonserious and nonviolent conviction of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), notwithstanding his serious felony convictions of robbery. The People argue that: (1) defendant's serious felony convictions of robbery render him entirely ineligible for resentencing under the Act; and (2) even if defendant's serious felony convictions do not render him ineligible for resentencing on his three strikes sentence for possession of methamphetamine, he is nevertheless ineligible for recall and resentencing under section 1170.126, subdivision (e)(2), on his nonserious and nonviolent felony conviction because he used a firearm during the commission of his commitment offense. We affirm.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

## PROCEDURAL BACKGROUND

A jury convicted defendant of three counts of second degree robbery (§ 211, counts 1-3) and one count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a), count 4). The jury also found true the allegations that defendant personally used a handgun during two of the robberies and a knife during the other robbery (§§ 12022.53, subd. (b), & 12022, subd. (b)(1)), and that he had two prior serious felony convictions (§ 667, subd. (a)(1)). Following a bifurcated trial on defendant's priors, the trial court found that he had two prior strike convictions. (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i).) On September 12, 2003, the court denied defendant's motion to dismiss one or more of his prior strike convictions pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).[2] It then sentenced him to a total state prison term of 131 years to life, consisting of consecutive 25 year-to-life terms on the robbery and possession of methamphetamine counts, plus 21 years for the weapon use enhancements, and 10 years for the serious felony enhancements.

On May 5, 2014, defendant filed a petition for resentencing under section 1170.126. The court denied the petition since defendant's current commitment offenses included three counts of robbery and since he used a firearm in the commission of the offense(s), which made him ineligible for resentencing. (§ 1170.126, subd. (e).)

---

[2] We note that the record on appeal does not contain a minute order reflecting the court's finding that defendant had two prior strikes. However, in light of defendant's *Romero* motion, we assume the court made such finding.

ANALYSIS

The Court Properly Found That Defendant Was Ineligible for Resentencing

Defendant essentially contends that, in determining his eligibility for resentencing, the court should have *only* considered his conviction for possession of methamphetamine and not his robbery convictions. He asserts that possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) is neither a serious felony under section 1192.7, subdivision (c), nor a violent felony under section 667.5, subdivision (c). In other words, defendant claims he should be allowed to be resentenced on a single count under section 1170.126.[3] We disagree.

Proposition 36 amended the three strikes law (§§ 667, 1170.12) to require that before a defendant may be sentenced to an indeterminate life term in prison under the three strikes law, the new felony (the commitment offense) must generally qualify as a serious or violent felony. (§§ 667, subd. (e)(2)(A), (C), 1170.12, subd. (c)(2)(C).) An exception to this general rule exists, among others, where the prosecution has pled and proved the defendant used a firearm in the commission of the current offense, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another. (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) If the prosecution pleads and proves that this exception exists, the defendant must be sentenced under the three strikes law.

---

[3] We note that this issue is currently pending before the California Supreme Court. (*Braziel v. Superior Court*, review granted July 30, 2014, S218503; *People v. Machado*, review granted July 30, 2014, S219819.)

Proposition 36 also added section 1170.126, which sets forth a procedure through which certain prisoners can petition the court for resentencing. Such a person may file a petition to recall his or her sentence and be sentenced as a second strike offender. (§ 1170.126, subd. (b).) An inmate is eligible for such resentencing if none of his or her commitment offenses constitute serious or violent felonies *and* none of enumerated factors disqualifying a defendant for resentencing under Proposition 36 apply. (§ 1170.126, subd. (e).) Section 1170.126, subdivision (a), provides that the resentencing provisions "apply exclusively to persons presently serving an indeterminate term of imprisonment . . . whose sentence under this act would not have been an indeterminate life sentence." A person who committed at least one serious and/or violent felony would receive an indeterminate term of imprisonment under the Act. Thus, the language of section 1170.126 indicates that a defendant is ineligible for resentencing if *any* of the offenses for which he is serving an indeterminate prison term is a serious and/or violent felony, even if one of the offenses is not a serious and/or violent felony. Furthermore, in submitting a petition for recall of sentence, a defendant must "specify all of the currently charged felonies, which resulted in the sentence under paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, or both, . . ." (§ 1170.126, subd. (d).) The fact that the statute requires the petitioner to list *all* of the currently charged felonies resulting in an indeterminate life sentence supports the conclusion that the court must consider *all* of the current felonies in determining eligibility for recall of sentence.

5

Here, defendant was required to list all of his offenses that resulted in his life sentence in his petition. (§ 1170.126, subd. (d).) He properly did so and listed his convictions for robbery (§ 211) and possession of a controlled substance. (Health & Saf. Code, § 11377, subd, (a).) Consequently, the court considered all of these felonies in determining his eligibility for resentencing. Defendant's convictions for robbery rendered him ineligible for sentencing under section 1170.126, subdivision (e)(1). (§§ 1192.7, subd. (c)(19) and 667.5, subd. (c)(9).) Thus, the court properly denied his petition for resentencing.

In the alternative, we agree with the People's argument that defendant is ineligible for resentencing under section 1170.126, subdivision (e)(2), because his sentence was imposed, in part, for offenses in which he used a firearm.

As pertinent here, section 1170.126, subdivision (e)(2), provides that a defendant is eligible for resentencing if "[t]he inmate's current sentence was *not* imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (Italics added.) Using a firearm during the commission of a current offense is listed in section 667, subdivision (e)(2)(C)(iii), and section 1170.12, subdivision (c)(2)(C)(iii). It was pleaded and proved that defendant used a firearm during the commission of two of the robbery counts. As such, under section 1170.126, subdivision (e)(2), defendant was ineligible for resentencing based on the fact that he used a firearm during the commission

6

of two of his current commitment offenses. This conclusion is consistent with the purposes of the Act. The Act "is intended to provide resentencing relief to low-risk, nonviolent inmates serving life sentences for petty crimes, such as shoplifting and simple drug possession." (*People v. White* (2014) 223 Cal.App.4th 512, 526.) Based on defendant's record, he is not a "low-risk, nonviolent inmate[] serving life sentences for petty crimes." (*Ibid.*)

We conclude that the court properly denied defendant's petition for resentencing.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.