Filed 9/30/15  P. v. Briseno CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HUGO VICTOR BRISENO,<br><br>    Defendant and Appellant. | D067101<br><br><br>(Super. Ct. No. SF112318) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielson, Judge.  Affirmed.

Susan K. Shaler, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

In 1997, a jury convicted Hugo Victor Briseno of being a felon in possession of a firearm. (Pen. Code,[1] § 12021, subd. (a) [renumbered as § 29800, subd. (a)(1), Stats. 2010, ch. 711, § 6].) The court found true four prison priors (§ 667.5, subd. (b)), and two strike priors (§ 667, subds. (b)-(i)).

On August 28, 1997, the court sentenced Briseno to an indeterminate term of 29 years to life.

In August 2013, Briseno filed a petition for resentencing pursuant to the Three Strikes Reform Act of 2012 (Act; § 1170.126).

In November 2014, the trial court issued an order to show cause why Briseno's petition should be denied because he was ineligible for resentencing on the ground he was armed with a firearm at the time of the offense pursuant to section 1170.126, subdivision (e)(2).

The trial court received additional briefing from Briseno, although the prosecution filed nothing and made no argument at the hearing. Following a brief hearing the court found Briseno ineligible for resentencing because the record of conviction demonstrated he was personally armed at the time of the offense.

Briseno appeals contending the trial court erred in finding him to be armed when his conviction was only for possession, a nonserious felony. In addition, Briseno argues he was entitled to a jury trial and to have the prosecution prove he was armed, beyond a reasonable doubt.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

Briseno candidly acknowledges that appellate case law has rejected his position on each issue. He contends, however, that the cases have been wrongly decided.

STATEMENT OF FACTS

The record does not contain a transcript of the 1997 trial. However, the parties have utilized the probation officer's report from the 1997 conviction without objection. We will take only a small portion of that report for our factual summary, since we are only concerned with information regarding whether, in addition to possessing a firearm, Briseno was personally armed with one.

This case arises from a stop of a vehicle by police as part of a drug investigation. During the stop Briseno was patted down by an officer. During the pat-down, a small, chrome plated .32 caliber firearm fell to the ground.

During his conversation with the probation officer, Briseno admitted he had possession of the gun. He said it had been passed to him seconds before the stop as he was supposed to throw it away.

DISCUSSION

Briseno contends the trial court erred in finding him ineligible for resentencing under the Act. He was convicted of possession of a firearm, not of being armed. Thus, he claims the record does not support a finding of ineligibility. In any event, he contends he was entitled to a full trial on the issue. As Briseno recognizes, both questions have been resolved against him by the appellate courts. He argues the cases were wrongly decided. We disagree and therefore affirm.

## A. The Three Strikes Reform Act of 2012

The Act substantially changed the prior law. Going forward defendants will be eligible for a life sentence only if the "third strike" is a serious or violent felony. The Act also contains a provision for resentencing those who are serving life terms where the third strike was a nonserious felony. In the latter case a procedure was established to allow recall and resentencing for qualifying inmates. The Act also contains provisions under which a person who might otherwise qualify for relief may be deemed ineligible. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

One of the ineligibility provisions is section 1170.126, subdivision (e)(2). The provision renders an inmate ineligible for resentencing where the person was "armed with a firearm" during the commission of the offense.

## B. The Record of Conviction

The question presented in this case is whether the record of conviction demonstrates Briseno was armed during his possession of a firearm. The parties have utilized the probation officer's report, which includes Briseno's admission to the probation officer that he had physical possession of the gun, albeit for a brief time. There has been no objection to the use of the report as part of the record of conviction. We will use the probation report in our analysis of the trial court's decision.

In *People v. White* (2014) 223 Cal.App.4th 512 (*White*), this court considered a similar fact situation. There the defendant was convicted of possession, however the record showed he had the gun in his physical possession at the time of the offense. The court in *White* stated that where "the record establishes that a defendant convicted under

4

the pre-Proposition 36 version of the Three Strikes law as a third strike offender of possession of a firearm by a felon was armed with a firearm during the commission of that offense, the armed-with-a-firearm exclusion applies and the defendant is not entitled to resentencing relief under the Reform Act." (*Id.* at p. 519.)

The appellate courts in *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797 (*Brimmer*), and *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1028-1032 (*Osuna*), have agreed with our court's decision in *White*, *supra,* 223 Cal.App.4th 512.

The term "armed with a firearm" means having the firearm available for use, either offensively or defensively. (*Osuna, supra*, 225 Cal.App.4th at p. 1029.) It is the availability of the weapon for ready use that constitutes arming. (*People v. Bland* (1995) 10 Cal.4th 991, 997.)

Briseno argues the cases cited have been wrongly decided. We have reviewed the opinions which have applied ineligibility in cases such as this and find them persuasive. We decline to revisit our decision in *White, supra,* 223 Cal.App.4th 512. Thus we are satisfied the record of conviction in this case established Briseno was armed with a firearm within the meaning of section 1170.126, subdivision (e)(2) and is thus not eligible for resentencing

### C. Procedural Due Process

Briseno argues he was entitled to a full trial on the question of whether he was armed. He relies in large part on *Apprendi v. New Jersey* (2000) 530 U.S. 466. In *Apprendi* the court held that where a person's sentence is increased beyond that which would be allowed for the elements of the offense based on a fact or allegation, due

5

process requires that the person have notice of the fact or allegation and that the government must be required to prove the allegation, beyond a reasonable doubt. The defendant must also be given the right to a jury trial. (*Id.* at p. 490.) If Briseno were now charged in a new three strikes case, he would have the right to the due process mandated in *Apprendi*. This is not a new charging event, however. In 1997, Briseno's prior convictions were alleged and proved and his conviction has long since been final. Rather, he is seeking to get the benefit of a new statute, which does not provide relief for persons whose record of conviction shows the person was armed.

In *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1301, the court rejected the argument that a defendant seeking resentencing under the Act was entitled to the due process outlined in *Apprendi, supra,* 530 U.S. 466. The court in *Osuna, supra*, 225 Cal.App.4th at page 1039, reached the same conclusion. Also agreeing that *Apprendi* does not apply are the courts in *Brimmer, supra*, 230 Cal.App.4th at page 803 and *People v. Blakely* (2014) 225 Cal.App.4th 1042 at page 1059. As we have noted Briseno contends all of these cases were wrongly decided. As we have previously said, we disagree and will follow existing case law.

Accordingly, we find the trial court did not deny Briseno due process in the manner in which his petition was resolved.

DISPOSITION

The order denying Briseno's petition for resentencing under the Act is affirmed.


                                                    HUFFMAN, Acting P. J.

WE CONCUR:


        NARES, J.


        O'ROURKE, J.


7