Filed 7/21/21  P. v. Zuniga CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B306037 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA114995) |
| v. | |
| PEDRO HUERTA ZUNIGA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Reversed and remanded with directions.

Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey,

Senior Assistant Attorney General, Charles S. Lee and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

In 2014, a jury convicted appellant Pedro Huerta Zuniga of murder, attempted murder, assault with a deadly weapon, home invasion robbery, and first degree burglary. The jury additionally found true that he had personally used a handgun in his crimes, and that the murder was a "special circumstance" murder, because it was committed while appellant was also committing robbery and burglary. The jury had been instructed that it could not make the special-circumstance finding unless it also found that appellant was at least a major participant in the robbery or burglary who acted with reckless disregard to life. Though requested to do so, the jury failed to find that appellant had discharged a firearm and caused great bodily injury or death to the victim, or that appellant had personally inflicted great bodily injury on the victim. The court sentenced appellant to life in prison without the possibility of parole, plus an additional 40 years and eight months.

In January 2020, appellant petitioned for relief under Penal Code section 1170.95, alleging that he could not now be convicted of murder because of changes to section 189,

2

and requesting counsel.[1]  In March 2020, the People opposed the petition.  Five days after the opposition was filed, without appointing counsel or permitting appellant to reply to the opposition, the court denied the petition, finding appellant ineligible for relief because he was the "actual shooter."

On appeal, appellant argues the court erred in:  (a) looking beyond the allegations of the petition in determining whether he had made a prima facie showing of entitlement to relief; (b) failing to appoint counsel after he had filed a facially sufficient petition; (c) denying his petition without permitting a reply to the People's opposition; and (d) denying the petition on the grounds that appellant was the "actual shooter," when the record of conviction contradicts that finding.  The People counter that any error was harmless because the jury necessarily found appellant was at least a major participant in the underlying felony who acted with reckless disregard to life, rendering him ineligible for relief under section 1170.95 as a matter of law.  They argue appellant may not rely on our Supreme Court's clarification in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), because the court did not change the applicable law, and thus did not undermine the jury's special-circumstance finding.  The People further argue that even assuming *Banks* and *Clark* effected a change in the law, the trial evidence demonstrated appellant

---

[1]      Undesignated code references are to the Penal Code.

was a major participant who acted in reckless disregard to life under the new standard.

We conclude that the court was permitted to look beyond the petition in making its prima facie determination, but erred in concluding appellant was the actual killer. Because we cannot conclude as a matter of law that appellant was ineligible for relief, the error was not harmless. Accordingly, we reverse the court's order denying the petition and remand with directions to appoint counsel for appellant, permit appellant to file a reply brief, and proceed as set forth in section 1170.95.

## STATEMENT OF RELEVANT FACTS

### A.    *The Underlying Case*

In 2012, appellant (along with co-defendants Hector Aguilar Arciga and Francisco Argenis Parra) was charged with the April 2009 murder of Carlos Zarate (§ 187, subd. (a)), the attempted murder of Manuel Rojas (§§187, subd. (a), 664), assault with a deadly weapon on Rojas (§ 245, subd. (b)), the home invasion robbery of Zarate, Rojas, Jesus Vasquez, and Martha Gutierrez (§ 211), and first degree burglary (§ 459). Additionally, appellant and Arciga were each charged with being a felon in possession of a firearm (former § 12021, subd. (a)(1)).[2] As relevant here, the

---

[2]    "Effective January 1, 2012, former section 12021(a) was repealed and reenacted without substantive change as section
*(Fn. is continued on the next page.)*

4

information additionally alleged that appellant personally used a firearm in the commission of some of the charged offenses (§ 12022.53, subd. (b)); that appellant personally and intentionally discharged a firearm and caused great bodily injury or death to Zarate (§ 12022.53, subd. (d)); that appellant personally inflicted great bodily injury on Zarate (§ 12022.7, subd. (a)); and that appellant committed the murder while he was committing robbery and burglary (§ 190.2, subd. (a)(17)). A jury was eventually instructed that it was not to consider the robbery/burglary special circumstance allegation unless it also found that: (a) appellant actually killed Zarate; (b) appellant "with the intent to kill aided, abetted, counseled, commanded, induced, requested, or assisted any actor in the commission of the murder"; or (c) "with reckless indifference to human life and as a major participant, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted in the commission of the crime of Robbery or Burglary which resulted in the death of" Zarate.

In 2014, the jury found appellant guilty on all counts. It further found true the allegation that he had personally used a handgun in his crimes, and that appellant murdered Zarate while committing robbery and burglary. However, the jury failed to answer the portions of the verdict forms asking whether appellant had discharged a firearm and

29800, subdivision (a)." (*People v. White* (2014) 223 Cal.App.4th 512, 518, fn. 2.)

5

caused great bodily injury or death to Zarate, or whether appellant had personally inflicted great bodily injury on Zarate. The court sentenced appellant to life in prison without the possibility of parole, plus an additional 40 years and eight months. During sentencing, the court asked whether the People had made a "deliberate decision" to recommend an enhancement of only 10 years instead of 25 years on the murder conviction because "we're not sure who the shooter was," and the district attorney confirmed this to be the case. Appellant appealed, and we affirmed the conviction.

## B. *Petition for Resentencing*

In January 2020, appellant petitioned for resentencing under section 1170.95, requesting appointment of counsel, and alleging that: (1) he was prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) he was convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, (3) he could not now be convicted of first or second degree murder, due to changes made to sections 188 and 189, and (4) he was not the actual killer, did not act with the intent to kill, and was not a major participant or did not act with reckless indifference to human life. Nothing in the record indicates the court reviewed the petition or set a briefing schedule; it did not appoint counsel.

6

In March 2020, the People opposed the petition, arguing that because the jury found appellant had committed the murder while committing robbery and burglary, it necessarily also found that appellant "either actually killed the victim, directly aided and abetted in the murder, or w[as a] major participant[] in the underlying felonies who acted with reckless disregard for life," any one of which would render him ineligible for relief as a matter of law. Five days later, without appointing counsel or waiting for a response to the People's opposition, the court issued an order summarily denying appellant's petition, stating the court had "read and considered the opinion and ha[d] also read the unpublished Court of Appeal[']s opinion" and finding appellant ineligible for relief because he was "the actual shooter."[3] Appellant timely appealed.

## DISCUSSION

"On September 30, 2018 the Governor signed Senate Bill 1437, which, effective January 1, 2019, amended sections 188 and 189, significantly modifying the law relating to accomplice liability for murder." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 325, review granted

---

[3]     We interpret the court's minute order referring to "the opinion" and "the unpublished Court of Appeal[']s opinion" to refer to the opinion in *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, and our prior opinion affirming appellant's conviction, both of which were attached to the People's opposition.

Mar. 18, 2020, S260493 (*Verdugo*).) Specifically, "Senate Bill 1437 was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)[4]

"Senate Bill 1437 also added section 1170.95 to the Penal Code, which permits an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and to be resentenced on any remaining counts if he or she could not have been convicted of first or second degree murder because of Senate Bill 1437's changes . . . ." (*Verdugo, supra,* 44 Cal.App.5th at 326, rev.gr.)

---

[4] ""Under the felony-murder doctrine, when the defendant or an accomplice kills someone during the commission, or attempted commission, of an inherently dangerous felony, the defendant is liable for either first or second degree murder, depending on the felony committed."" (*People v. Powell* (2018) 5 Cal.5th 921, 942.) "[U]nder the natural and probable consequences doctrine, an aider and abettor is guilty not only of the intended crime, but also 'for any other offense that was a "natural and probable consequence" of the crime aided and abetted.'" (*People v. McCoy* (2001) 25 Cal.4th 1111, 1117.)

Section 1170.95 requires a petition for relief to include certain basic elements, such as a declaration that the petitioner is entitled to relief, information regarding the underlying conviction, and whether the petitioner requests the appointment of counsel. (§ 1170.95, subd. (b)(1).) "If any of the required information is missing and cannot be readily ascertained by the court, 'the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information.'" (*Verdugo, supra,* 44 Cal.App.5th at 327, rev.gr., quoting § 1170.95, subd. (b)(2).)

Section 1170.95, subdivision (c) (Section 1170.95 (c)), provides for "two additional court reviews before an order to show cause may issue, one made before any briefing to determine whether the petitioner has made a prima facie showing he or she falls within section 1170.95—that is, that the petitioner may be eligible for relief—and a second after briefing by both sides to determine whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo, supra,* 44 Cal.App.5th at 328, rev.gr.) "Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts." (*Id.* at 327, citing § 1170.95, subd. (d)(1).)[5]

---

[5]     Appellant argues that *Verdugo* and similar cases such as *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. *(Fn. is continued on the next page.)*

## A. *The Court Was Permitted to Look Outside the Petition*

In denying the petition, the court explained that it had reviewed our prior opinion affirming appellant's conviction. Appellant contends the court erred in "reaching outside the Petition to deny it on the merits." We disagree.

*Verdugo* addressed what documents a court may review in making a prima facie determination. While acknowledging that Section 1170.95(c) "does not define the process by which the court is to make" that determination, it found that the Legislature's intent could be understood by looking at subdivisions (a) and (b). (*Verdugo*, *supra*, 44 Cal.App.5th at 329, rev.gr.) Specifically, it held that the "same material that may be evaluated under subdivision (b)(2)—that is, documents in the court file or otherwise part of the record of conviction that are readily ascertainable— should similarly be available to the court in connection with the first prima facie determination required by subdivision (c)." (*Ibid.*) "A court of appeal opinion, whether or not

_____

18, 2020, S260598 (*Lewis*) wrongly interpreted section 1170.95, and urges us instead to follow the interpretation proffered in *People v. Cooper* (2020) 54 Cal.App.5th 106, review granted Nov. 10, 2020, S264684 and in the dissent in *People v. Tarkington* (2020) 49 Cal.App.5th 892, review granted Aug. 12, 2020, S263219, both of which hold that Section 1170.95(c) contemplates only one prima facie review, and that the right to counsel attaches after a facially sufficient petition is filed. We find more persuasive the reasoning in *Verdugo*, *Lewis*, and their companion cases and continue to follow them.

published, is part of the appellant's record of conviction." (*Id.* at 333.) Accordingly, the court did not err in considering our prior opinion.

**B.** ***The Court Erred in Concluding Appellant Was the Actual Killer, and The Error Was Not Harmless***

Appellant contends the court incorrectly found him to be the "actual shooter," and the People do not disagree.[6] However, the People urge us to affirm the court's denial of the petition, because by finding true the allegation that appellant committed murder while committing robbery and burglary under section 190.2, subdivision (a)(17), the jury necessarily found that appellant was at least a major participant who acted with reckless indifference to life, rendering him ineligible for relief under section 1170.95. Though the jury made this finding before our Supreme Court issued its opinions in *Banks* and *Clark*, the People argue these cases "did not fundamentally change the meaning of the phrases 'major participant' and 'reckless indifference to human life,'" but merely clarified their meaning, and thus do

---

[6] We note that while the jury found appellant guilty of murder and found true the allegation that he had used a firearm, it failed to reach a conclusion as to whether he personally and intentionally discharged a firearm causing great bodily injury to the victim, or whether he had inflicted great bodily injury on the victim. Further, the prosecutor confirmed to the court that he was recommending an enhancement of 10 years because "we're not sure who the shooter was."

11

not undermine the jury's finding.  The People further argue even if we find that *Banks* and *Clark* articulated a new standard, we should still affirm because the record of conviction demonstrates appellant's actions satisfied this new standard.

We find that because the special-circumstance conviction occurred before *Banks* and *Clark*, it does not render appellant ineligible for relief as a matter of law.  We further find that we cannot use the record of conviction to decide as a matter of law that appellant is ineligible for relief, as appellant must be afforded the opportunity to file a reply, in which he may develop a factual record beyond the record of conviction.[7]

---

[7]     Appellant also argues the court's denial of his petition prior to appointing counsel deprived him of his rights under the federal and California constitutions.  This argument was addressed and rejected in *People v. Daniel* (2020) 57 Cal.App.5th 666, 676, review granted Feb. 24, 2021, S266336 ["a petitioner's right to counsel under section 1170.95(c) is not protected by the federal Constitution"] and *People v. Falcon* (2020) 57 Cal.App.5th 272, 279, review granted Jan. 27, 2021, S266041 ["Appellant also contends denial of appointment of counsel violates his federal and state constitutional rights.  We are not persuaded.  A sentence modification is not a criminal trial; it is an act of lenity. . . .  If the trial court acted erroneously in declining to appoint counsel, that error does not constitute a violation of appellant's constitutional rights"].  We find *Daniel* and *Falcon* persuasive.

### 1. *Appellant Was Not Ineligible for Relief as a Matter of Law*

Section 1170.95 permits relief only to petitioners who "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3).) Under the amended section 189, subdivision (e), "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[8]

---

[8] Section 189, subdivision (a), provides in pertinent part that "[a]ll murder . . . that is committed in the perpetration of, or attempt to perpetrate, . . . robbery [or] burglary . . . is murder of the first degree." Section 190.2, subdivision (d), provides: "Notwithstanding subdivision (c), every person, not the actual killer, who, with reckless indifference to human life and as a major participant, aids, abets, counsels, commands, induces, solicits, requests, or assists in the commission of a felony enumerated in paragraph (17) of subdivision (a) which results in the death of some person or persons, and who is found guilty of murder in the first degree therefor, shall be punished by death or imprisonment in the state prison for life without the possibility of *(Fn. is continued on the next page.)*

13

Appellant was charged with a special circumstance murder, namely, that he committed murder while also committing robbery and burglary under section 190.2, subdivision (a)(17).  The jury was instructed that it could find this true only if it also found that: (a) appellant actually killed Zarate; (b) appellant, "with the intent to kill aided, abetted, counseled, commanded, induced, requested, or assisted any actor in the commission of the murder"; or (c) appellant, "with reckless indifference to human life and as a major participant, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted in the commission of the crime of Robbery or Burglary which resulted in the death of" Zarate.  Because a true finding on any of these elements would mean that appellant could be convicted of murder under the amended section 189, and the jury necessarily found at least one of these elements true, the People argue that appellant is therefore ineligible for relief as a matter of law, and any error the court made in concluding that appellant was the actual killer or in failing to appoint counsel was harmless.

Recognizing that courts of appeal have split on how to treat the standard articulated in *Banks* and *Clark*, we find more persuasive the reasoning set forth in *People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, review granted Jun. 24, 2020, S262011 (*Torres*).  In *Torres*, our colleagues in Division

parole if a special circumstance enumerated in paragraph (17) of subdivision (a) has been found to be true under Section 190.4."

14

Five explained: "[O]ur Supreme Court's decisions, clarifying what it means . . . to be a 'major participant' in an underlying felony and to act with 'reckless indifference to human life,' construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute." (*Torres*, *supra*, 46 Cal.App.5th at 1179, rev.gr.) Thus, when determining if appellant "could be convicted today of first degree murder, we cannot simply defer to the jury's pre-*Banks* and *Clark* factual findings that [he] was a major participant who acted with reckless indifference to human life as those terms were interpreted at the time." (*Ibid.* [petitioner's claim that evidence presented against him failed to support robbery-murder special circumstance after *Banks* and *Clark* requires resolution of whether facts "are legally sufficient in light of *Banks* and *Clark*"].)

The People argue *Torres* was wrongly decided and urge us to follow instead *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted Oct. 14, 2020, S264284 (*Galvan*) and its line of cases. Under *Galvan*, defendants like appellant would not be entitled to relief under the plain language of section 1170.95, because any present inability to convict them of murder was not "'because of changes'" made by Senate Bill 1437, but because of the "clarification of the requirements for the special circumstance finding in *Banks* and *Clark*." (*Galvan*, *supra*, 52 Cal.App.5th at 1142, rev.gr.) *Galvan* held that a section 1170.95 petition is not the

15

"proper vehicle" for challenging a special-circumstance finding. (*Galvan*, *supra*, 52 Cal.App.5th at 1141, rev.gr.)

Mindful of the conflicting caselaw, we continue to follow *Torres*. Appellant's section 1170.95 petition seeks to have his "murder conviction vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a); see *People v. York* (2020) 54 Cal.App.5th 250, 260, review granted Nov. 18, 2020, S264954 ["[o]ur analyses in *Torres* and [*People v.*] *Smith* [(2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835 (*Smith*)] recognized that section 1170.95 permits a petitioner to challenge a murder conviction" (italics omitted)].) Because a petitioner's entitlement to section 1170.95 relief may require consideration of the verdict (including any special-circumstance findings), *Banks* and *Clark* remain applicable for those purposes. As the jury was not instructed on the standards as articulated in *Banks* and *Clark*, and no other finding by the jury renders appellant ineligible for relief *as a matter of law*, we cannot conclude that defendant is categorically precluded from relief at this prima facie stage.

The People argue that should we choose to follow *Torres*, we should nevertheless examine the record of conviction to find appellant was a major participant who acted in reckless disregard of life even under the standards articulated in *Banks* and *Clark*, and therefore affirm because he remains ineligible for relief as a matter of law. Specifically, the People argue the statement of facts in our prior opinion affirming appellant's conviction demonstrate

appellant's "full participation in the robbery scheme and full approval" of the murder.

On this issue we find persuasive the reasoning in *Smith*. *Smith* also involved a defendant convicted of special-circumstance murder, whose conviction was affirmed on appeal. (*Smith*, *supra*, 49 Cal.App.5th at 88, 89, rev.gr.) After the defendant petitioned for resentencing under section 1170.95, the trial court reviewed the prior appellate opinion and considered the facts as described in the discussion of the sufficiency of the evidence supporting the special circumstance to conclude that "those facts were sufficient to establish that [the defendant] was a major participant in the underlying felony and acted with reckless indifference to human life." (*Id.* at 95.) The court therefore denied the petition. (*Ibid.*)

The Court of Appeal reversed, holding that when "the record of conviction does not preclude a petitioner from making a prima facie showing that he falls within the statute's provisions as a matter of law, the petitioner is not confined to presenting evidence contained in the record of conviction in seeking relief. Section 1170.95 provides 'the petitioner may rely on the record of conviction or offer new or additional evidence to meet [his] burden[].' [Fn. omitted.] (§ 1170.95, subd. (d)(3).) It is conceivable that [the defendant] may be able to provide evidence not presented at trial that would demonstrate either that he was not a major participant in the robbery or did not act with reckless indifference to human life. By ruling prior to the

17

appointment of counsel, the trial court deprived [the defendant] of the opportunity to develop, with the aid of counsel, a factual record beyond the record of conviction. Only after giving a petitioner the opportunity to file a reply, in which he may develop a factual record beyond the record of conviction, is a trial court in a position to evaluate whether there has been a prima facie showing of entitlement to relief." (*Smith, supra,* 49 Cal.App.5th at 95, rev.gr.)  We find appellant's circumstances substantively similar, and similarly hold that appellant must be afforded the opportunity (with the aid of counsel) to file a reply in which he may develop a factual record beyond the record of conviction.

## DISPOSITION

The court's order denying appellant's section 1170.95 petition is reversed, and the matter is remanded with directions to appoint counsel on behalf of appellant, to permit appellant to file a reply brief, to consider such reply if filed, and to otherwise proceed as set forth in section 1170.95.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

COLLINS, J.

CURREY, J.

19