Filed 12/13/22 P. v. Zuniga CA2/4
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B306037 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA114995) |
| v. | |
| PEDRO HUERTA ZUNIGA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Reversed and remanded with directions.

Richard Lennon and Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and

David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

---

## INTRODUCTION

In 2020, appellant Pedro Huerta Zuniga filed a petition for relief under Penal Code section 1170.95.[1] After the People filed an opposition, the superior court denied appellant's petition without appointing counsel or awaiting a reply. In a prior opinion, we reversed the superior court's denial, remanding with directions to appoint counsel on appellant's behalf, to permit appellant to file a reply to the People's opposition to appellant's petition, to consider such reply if filed, and to otherwise proceed as set forth in section 1170.95. (*People v. Zuniga* (July 21, 2021, B306037) 2021 Cal.App.Unpub. LEXIS 4713 (*Zuniga I*).) At the People's request, our Supreme Court granted review and subsequently transferred the matter back to this court with directions to vacate our prior decision and reconsider the matter in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Having done so, and having reviewed the parties' supplemental briefs, we again conclude the superior court erred. We therefore reverse and remand with the same directions as before.

---

[1] Undesignated statutory references are to the Penal Code.

## STATEMENT OF RELEVANT FACTS

### A. *The Underlying Case*

In 2012, appellant (along with co-defendants Hector Aguilar Arciga and Francisco Argenis Parra) was charged with the April 2009 murder of Carlos Zarate (§ 187, subd. (a)), the attempted murder of Manuel Rojas (§§ 664/187, subd. (a)), assault with a deadly weapon on Rojas (§ 245, subd. (b)), the home invasion robbery of Zarate, Rojas, Jesus Vasquez, and Martha Gutierrez (§ 211), and first degree burglary (§ 459). Additionally, appellant and Arciga were each charged with being a felon in possession of a firearm (former § 12021, subd. (a)(1)).[2] As relevant here, the information additionally alleged that appellant personally used a firearm in the commission of some of the charged offenses (§ 12022.53, subd. (b)); that appellant personally and intentionally discharged a firearm and caused great bodily injury or death to Zarate (§ 12022.53, subd. (d)); that appellant personally inflicted great bodily injury on Zarate (§ 12022.7, subd. (a)); and that appellant committed the murder while he was committing robbery and burglary (§ 190.2, subd. (a)(17)). A jury was eventually instructed that it was not to consider the robbery/burglary–special circumstance allegation unless it also found that: (a)

---

[2] "Effective January 1, 2012, former section 12021(a) was repealed and reenacted without substantive change as section 29800, subdivision (a)." (*People v. White* (2014) 223 Cal.App.4th 512, 518, fn. 2.)

3

appellant actually killed Zarate; (b) appellant, "with the intent to kill aided, abetted, counseled, commanded, induced, requested, or assisted any actor in the commission of the murder"; or (c) appellant, "with reckless indifference to human life and as a major participant, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted in the commission of the crime of Robbery or Burglary which resulted in the death of" Zarate.

In 2014, the jury found appellant guilty on all counts. It further found true the allegation that he had personally used a handgun in his crimes, and that appellant murdered Zarate while committing robbery and burglary. However, the jury failed to answer the portions of the verdict forms asking whether appellant had discharged a firearm and caused great bodily injury or death to Zarate, or whether appellant had personally inflicted great bodily injury on Zarate. The court sentenced appellant to life in prison without the possibility of parole, plus an additional 40 years and eight months. In response to a question from the court, the prosecutor confirmed that the People had made a "deliberate decision" to recommend an enhancement of only 10, rather than 25 years on the murder conviction, because (in the court's words) "we're not sure who the shooter was." Appellant appealed, and in 2016, we affirmed the conviction.

## B.     *Petition for Resentencing*

In January 2020, appellant petitioned for resentencing under section 1170.95, requesting appointment of counsel, and alleging that: (1) he was prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) he was convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, (3) he could not now be convicted of first or second degree murder, due to changes made to sections 188 and 189, and (4) he was not the actual killer, did not act with the intent to kill, and was not a major participant or did not act with reckless indifference to human life.  Nothing in the record indicates the court reviewed the petition or set a briefing schedule; it did not appoint counsel.

In March 2020, the People opposed the petition, arguing that because the jury found appellant had committed the murder while committing robbery and burglary, it necessarily also found that appellant "either actually killed the victim, directly aided and abetted in the murder, or w[as a] major participant[] in the underlying felonies who acted with reckless disregard for life," any one of which would render him ineligible for relief as a matter of law.  Five days later, without appointing counsel or waiting for a response to the People's opposition, the court issued an order summarily denying appellant's petition, stating the court had "read and considered the opinion and ha[d] also read the unpublished Court of Appeal[']s opinion" and

finding appellant ineligible for relief because he was "the actual shooter."[3]  Appellant timely appealed, and we reversed and remanded with directions to appoint counsel on behalf of appellant, to permit appellant to file a reply brief, to consider such reply if filed, and to otherwise proceed as set forth in section 1170.95.  (*Zuniga I*, *supra,* 2021 Cal.App.Unpub. LEXIS 4713 at *17.)  After our Supreme Court granted the People's petition for review, it subsequently transferred the matter back to this court, with directions that we vacate our prior opinion and reconsider the matter in light of *Strong*.

## DISCUSSION

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.]  In addition to substantively amending sections 188 and 189 of the Penal Code, Senate

---

[3]      We interpret the court's minute order referring to "the opinion" and "the unpublished Court of Appeal[']s opinion" to refer to the opinion in *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411 and our prior opinion affirming appellant's conviction, both of which were attached to the People's opposition.

6

Bill 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)[4]

Pursuant to section 1172.6, an offender must file a petition alleging, among other facts, that the petitioner "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (*Id.*, subds. (a)(3) and (b)(1)(A).) "Upon receiving a petition in which the information required by this subdivision is set forth or a petition where any missing information can readily be ascertained by the court, if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner." (*Id.*, subd. (b)(3).) The People have an opportunity to oppose the petition, and the petitioner may file a reply, after which "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (*Id.*, subd. (c).)

---

[4] Effective June 30, 2022, section 1170.95 was renumbered as 1172.6 without substantive change. (*Strong, supra,* 13 Cal.5th at 708, fn. 2.)

### A.   *In Ruling on the Petition, a Court May Not Rely on the Factual Recitations in Appellate Opinions*

In denying the petition in 2020, the superior court explained that it had reviewed both *Gutierrez-Salazar* and our prior opinion affirming appellant's conviction and concluded appellant was "the actual shooter."  Appellant contended the court erred in "reaching outside the Petition to deny it on the merits."  In *Zuniga I*, we held the court did not err in considering our prior opinion.  (*Zuniga I, supra,* 2021 Cal.App.Unpub. LEXIS 4713 at *9-*10, citing *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329 [court permitted to review record of conviction to ascertain whether prima facie showing made], review granted Mar. 18, 2020, review dismissed Jan. 5, 2022, S260493, and *id.* at 333 [appellate opinion part of record of conviction].)

Following the issuance of our opinion, the Legislature amended section 1170.95 to provide that in ruling on a petition, courts could "consider the *procedural* history of the case recited in any prior appellate opinion."  (§ 1172.6, subd. (d)(3), italics added.)  Because the amendment made no mention of the *factual* history of the case recited in a prior appellate opinion, several courts thereafter concluded that "the factual summary in an appellate opinion is not evidence that may be considered at an evidentiary hearing to determine a petitioner's eligibility for resentencing" and consequently such evidence could not "establish, as a matter of law, a petitioner's ineligibility for resentencing at the

prima facie stage." (*People v. Flores* (2022) 76 Cal.App.5th 974, 988; see also *People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9 [superior court may not rely on "facts recited in an appellate opinion to rule on a petition under section 1170.95"].) We agree and hold that in determining whether appellant has made a prima facie showing, the superior court may not consider the factual recitations in our prior opinion affirming appellant's conviction.

## B. *The Court Erred in Concluding Appellant Was the Actual Killer, and the Error Was Not Harmless*

Appellant also contended the court incorrectly found him to be the "actual shooter," and the People did not disagree.[5] However, the People urged us to affirm the court's denial of the petition arguing that, because the jury found true the allegation that appellant committed murder while committing robbery and burglary under section 190.2, subdivision (a)(17), the jury necessarily found that appellant was at least a major participant of the crime who acted with

---

[5] We note that while the jury found appellant guilty of murder and found true the allegation that he had used a firearm, it failed to determine whether he personally and intentionally discharged a firearm causing great bodily injury to the victim, or whether he inflicted great bodily injury on the victim. Further, the prosecutor confirmed to the court that he was recommending an enhancement of 10 years because "we're not sure who the shooter was."

reckless indifference to life, rendering him ineligible for relief under section 1170.95 as a matter of law. Though the jury made this finding before our Supreme Court issued its decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, the People argued these cases "did not fundamentally change the meaning of the phrases 'major participant' and 'reckless indifference to human life,'" but merely clarified their meaning, and thus did not undermine the jury's finding. The People further argued that even if *Banks* and *Clark* articulated a new standard, appellant was not entitled to relief, as the record of conviction demonstrated his actions satisfied this new standard. Acknowledging a split among Courts of Appeal, we rejected the People's position and held the record did not preclude relief as a matter of law.

In *Strong*, our Supreme Court expressly rejected the People's position, holding that "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong*, *supra*, 13 Cal.5th at 710.) The Supreme Court's decision in *Strong* thus reaffirms the correctness of our prior disposition.[6]

---

[6] Appellant also argued the court's denial of his petition prior to appointing counsel deprived him of his rights under the federal and California constitutions. Our Supreme Court rejected this contention in *Lewis*. (*Lewis*, *supra*, 11 Cal.5th at 973 ["a
(*Fn. is continued on the next page.*)

## DISPOSITION

Our prior opinion in *Zuniga I* is vacated. The superior court's order denying appellant's petition is reversed, and the matter is remanded with directions to appoint counsel on behalf of appellant, to permit appellant to file a reply brief, to consider such reply if filed, and to otherwise proceed as set forth in section 1172.6.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

COLLINS, J.

CURREY, J.

petitioner is not constitutionally entitled to counsel at the outset of the subdivision (c) stage of the section 1170.95 petitioning process"].)

11